UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHELLY AMARILLO, Individually,**
**ERICKSON AMARILLO, Husband, and**
**SHELLY AMARILLO and ERICKSON AMARILLO,**
**As next Best Friends of ERICKSON AMARILLO, JR., A Minor**
**BRITTNEY AMARILLO, A Minor,**
**RIANNON WILSON, A Minor, and**
**VIVIAN AMARILLO, A Minor,**

    **Plaintiffs,**

    v.                                             **CIV. NO. 06-1173 WJ/ACT**

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

### **FINDINGS AND RECOMMENDATION**[1]

**THIS MATTER** came before the Court on a fairness hearing conducted May 12, 2008, on a Stipulated Motion for Approval of Minors' Settlements filed May 9, 2008 [Doc. 40].[2]

<u>Findings</u>

Plaintiffs filed their "Complaint to Recover Damages for Personal Injuries Resulting from Medical Negligence Arising under the Federal Tort Claims Act" ("Complaint") on December 4, 2006.

On June 6, 2003, Shelly Amarillo underwent a laparoscopic cholescystetomy converted to

---

[1] Parties were advised of their right to file objections to this report and recommendation within ten days pursuant to 28 U.S.C. § 636(b)(1). However, in order to expedite the approval of this settlement, counsel agreed at the May 12, 2008, hearing that they had no objection to the Court's proposed findings and recommended disposition and would waive the ten-day period.

[2] An Order of Reference [Doc. 42] was filed on May 15, 2008.

open cholecystectormy at the Santa Fe Indian Hospital, Santa Fe, New Mexico. Shelly Amarillo continued to have pain and required endoscopic and surgical procedures through 2007. She continues to suffer significant episodes of pain which require bed rest and medication. Shelly Amarillo alleged a personal injury claim. Her husband and her children alleged a claim for loss of consortium.

At the time of her injury and through the present, Shelly Amarillo has been married to Erickson Amarillo and has four children: namely, Riannon Wilson,[3] born on 2//8/91; Vivian Amarillo, born on 12/28/98, Brittney Amarillo, born on 5/1/00, and Erickson Amarillo, Jr. born on 5/1/00.

The entire claim was settled for $475,000. The terms of the settlement as to the loss of consortium claims for the children are as follows: Each children will receive a lump sum payment at the age of eighteen, twenty-one, and twenty-five years old. Riannon Wilson will receive $500.00, $1,000.00, and $5,143.21 respectively; Vivian will receive $500.00, $1,000.00 and $10,039.21 respectively; and Brittney and Erickson, Jr. will each receive $500.00, $1,000.00 and $11,181.87 respectively. Erickson Amarillo, the husband and father will not receive any monies for his loss of consortium claim.

The annuities were purchased from Structured Financial Associates, Middleburg, Virginia.

In the Motion it is stated that:

"Shelly and Erickson Amarillo understand and agree that the proceedings of the settlement set aside for the benefit of their minor children are to be used for the care and well being of their minor children, and have accordingly, established and authorized a structured settlement      of the settlement funds to assist in the present and long term benefits to the minor children."

---

[3] Shelly Amarillo testified that Ms. Wilsons' natural father has never had any involvement with Riannon.

Shelly and Erickson Amarillo testified at the hearing. Each testified that they knew they could go to trial and recover more money than the amount of the settlement, or on the other hand, they might recover a lesser amount or even no money at all. They testified that no one has forced this settlement on them and that is their decision to settle and that their attorneys have fully explained the terms of the settlement. They further testified that they were satisfied with the annuities and wanted Judge Torgerson to recommend that the District Judge approve the settlement.

Conclusions of Law and Recommendation.

After consideration of the evidence and the testimony of the witnesses, as well as the presentation of counsel, the Court concludes that it has jurisdiction over the parties and subject matter.

The Court further concludes that the settlement is fair and reasonable under the circumstances, and acceptance of the settlement is in the children's best interests.

The Court therefore recommends that the settlement be approved and that the claims against the United States be dismissed with prejudice.

                                                      **ALAN C. TORGERSON**
                                                      **UNITED STATES MAGISTRATE JUDGE**